# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00938-CV

---

**Phyllis Lee, Appellant**

**v.**

**Grand Prairie Independent School District, Appellee**

---

### FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-22-002034, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

On February 24, 2026, this Court notified Lee that her notice of appeal—filed December 1, 2025—appeared untimely and that the appeal would be dismissed for want of jurisdiction unless she filed a response explaining how this Court has jurisdiction over this appeal. *See* Tex. R. App. P. 42.3(a) (allowing appellate court to dismiss case for want of jurisdiction after giving ten days' notice to parties). Lee filed a response, asserting that this "Court has jurisdiction to hear this appeal because it presents a pure question of law under the Workers' Compensation Act that has never been addressed."

In the underlying proceeding, the trial court signed a final order on November 12, 2024, affirming a decision of the Division of Workers' Compensation and overruling Lee's plea to the jurisdiction. Lee timely filed a motion for new trial, which the trial court denied. *See* Tex. R. Civ. P. 320, 329b. As we explained in our previous opinion

dismissing Lee's earlier appeal challenging the same underlying order, "Lee's motion for new trial extended the deadline for perfecting an appeal to February 10, 2025," but "Lee filed her notice of appeal with this Court on April 4, 2025, almost five months after the district court's order was signed, and more than fifty days past the deadline. Lee's notice of appeal was therefore untimely." *Lee v. Grand Prairie Indep. Sch. Dist.*, No. 03-25-00243-CV, 2025 WL 3165383, at *1 (Tex. App.—Austin November 13, 2025, no pet.) (mem. op.); *see* Tex. R. App. P. 26.1(a) (requiring notice of appeal to be filed within 90 days after judgment or order signed when party timely files motion for new trial, 26.3 (allowing fifteen-day extension of time to file notice of appeal); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Because Lee's notice of appeal was untimely, we do not have jurisdiction to consider this appeal and we dismiss it for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Dismissed for Want of Jurisdiction

Filed: March 12, 2026